# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LATONYA R. STARK,

            Plaintiff,                         **CASE NO.**: 6:20-cv-926

v.

ORANGE COUNTY CLERK OF COURTS,

            Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LATONYA R. STARK, by and through her undersigned counsel, and hereby sues the Defendant, ORANGE COUNTY CLERK OF COURTS, and respectfully alleges and states as follows:

## INTRODUCTION

1.      Plaintiff brings this action against Defendant under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, which incorporates, through 42 U.S.C. § 12117, the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, included in 42 U.S.C. § 2000e *et seq*., in addition to its implementing Regulations, the Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq*., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), §§ 760.01 *et seq*., Florida Statutes. As set forth below, Plaintiff alleges that Defendant unlawfully discriminated against Plaintiff on the basis of disability, failed to accommodate her requests for reasonable accommodations, and

retaliated against her in violation of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343, and 1367. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

3.      This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court is also vested with jurisdiction and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

4.      Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this judicial district and pursuant to 42 U.S.C. § 2000(e)-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this judicial district. All facts and circumstances arising from this dispute took place in Orange County, Florida.

5.      Plaintiff has hired the undersigned law firm and agreed to pay it a reasonable hourly fee for its services.

6.      Plaintiff requests a jury trial for all issues so triable.

## PARTIES

7.      Plaintiff LATONYA R. STARK (hereinafter referred to as "Plaintiff") is an adult individual and resident of Orange County, Florida. who, at all times material herein, resided in Orange County, Florida.

8.      Plaintiff is an adult individual who resided in Orange County, Florida, when she sought employment with Defendant, was hired by Defendant, and/or was employed by Defendant as a Community Outreach & Communications Specialist at the Office of the Orange County Clerk of Courts located in Orlando, Orange County, Florida.

9.      Plaintiff is a distinguished Veteran, who gained extensive professional experience, training and development in managing high-level communications functions while serving as a Public Affairs Officer in the United States Navy, and a dedicated, talented professional with over twenty years of experience in the areas of Communications, Media/Public Relations, Marketing, and Leadership Development.

10.     Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides that the term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual"; "a record of such an impairment"; or "being regarded as having such an impairment." 42 USC § 12102(1)(A)–(C).

11.     At all times material herein, Plaintiff had disabilities within the meaning of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA as she had physical and mental impairments that substantially limited one or more major life activities.

12.     Plaintiff was diagnosed with lymphedema. Plaintiff suffers from lymphedema of the lower extremities, which causes both of her ankles and legs to swell with retained fluid. Prior to, and at the time Defendant hired Plaintiff as a Community Outreach & Communications Specialist in May 2019, Plaintiff treated her condition and controlled the swelling and pain by, among other things, wearing medical-issued compression stockings on a daily basis and getting lymphatic massages periodically as necessary. Lymphedema is a disability

within the meaning of the ADA, 42 U.S.C. § 12102(1), and its implementing Regulations, the Rehabilitation Act, and the FCRA because it is a physical impairment that substantially limits one or more major life activities, including, but not limited to, walking, working, lymphatic functions, and the functions of the immune system. 42 U.S.C. § 12102(1)-(2); 29 C.F.R. § 1630.2(h)(1); 29 C.F.R. § 1630.2(i)(1).

13.    In addition, Plaintiff suffers from, and has a record of, a physical impairment with respect to her right knee that substantially limits one or more major life activities, including, but not limited to, walking. Plaintiff's has severe cartilage damage in her right knee which causes swelling and pain. Plaintiff's doctor has recommended that Plaintiff undergo knee replacement surgery; however, Plaintiff has treated and continues to treat her knee condition and to control the swelling and pain by, among other things, taking anti-inflammatory medication and receiving three to four injections per year.

14.    Plaintiff also suffers from the serious medical condition of migraines. When Plaintiff has migraines, she experiences an extremely incapacitating collection of neurological symptoms including intense pain, dizziness, nausea, extreme sensitivity to light and sound, and visual disturbances (auras). Plaintiff's migraines are triggered by, among other things, excessive periods of eye strain and eye fluttering. Prior to, and at the time Defendant hired Plaintiff as a Community Outreach & Communications Specialist in May 2019, Plaintiff controlled and largely prevented her migraines by, among other things, using a larger computer monitor while performing work in order to eliminate any eye straining and eye fluttering issues that triggered Plaintiff's migraines. Plaintiff's migraines, although only affecting her occasionally, are a disability within the meaning of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA, because they are

physical impairments that substantially limit one or more major life activities including, but not limited to, seeing, reading, concentrating, thinking, and working.

15.     Plaintiff had disabilities and/or had a record of having disabilities when Plaintiff submitted her request for reasonable accommodations to Defendant and when Defendant refused and failed to accommodate Plaintiff's request for reasonable accommodations.

16.     Plaintiff had a record of having disabilities and/or Defendant regarded her as having disabilities, within the meaning of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA, when Defendant terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff on May 23, 2019.

17.     At all times material herein, Plaintiff was a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), the Rehabilitation Act, and the FCRA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of the Community Outreach & Communications Specialist position with Defendant that she held and/or desired.

18.     Plaintiff is a qualified individual with a disability and is protected from unlawful employment practices on the basis of disability, including disability discrimination, failure to provide reasonable accommodations, retaliation, and other unlawful actions of Defendant as alleged herein, under the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

19.     Defendant ORANGE COUNTY CLERK OF COURTS (hereinafter referred to as "Defendant" or "Orange County Clerk of Courts") is an employer who employs over five hundred (500) employees at any given time in Orange County, Florida.

20. At all times material herein, Defendant regularly conducted, and continues to conduct, business at Orange County Clerk of Courts Office locations throughout Orange County, Florida, including the Clerk of Court Administrative Office located at 425 North Orange Avenue, Suite 2110, Orlando, Florida 32801 out of which Defendant Orange County Clerk of Courts primarily conducts its business.

21. Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), and the FCRA, § 760.02(6), Florida Statutes. Defendant is a "person" within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

22. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5), 42 U.S.C. § 2000e(b), and § 760.02(7), Florida Statutes.

23. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) and within the meaning of 42 U.S.C. § 12111(5) because Defendant is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Thus, Defendant is also a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

24. Accordingly, Defendant is liable under the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA for unlawfully discriminating against Plaintiff on the

basis of disability, failing to accommodate Plaintiff's request for reasonable accommodations, and retaliating against Plaintiff as more fully alleged herein.

## EXHAUSTION OF ADMINISTRATIVE PREREQUISITES

25. Plaintiff has exhausted all administrative prerequisites to file a lawsuit under the FCRA.

26. On or around September 5, 2019, Plaintiff timely filed a dual Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on disability and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated August 22, 2019 and stamped received September 5, 2019, is attached hereto and incorporated herein as Exhibit "A".

27. On March 2, 2020, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2020-00532) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated March 2, 2020, is attached hereto and incorporated herein as Exhibit "B".

28. This action is filed within ninety (90) days of Plaintiff's receipt of her Notice of Right to Sue, dated and mailed March 2, 2020, from the EEOC in reference to EEOC Charge No. 511-2020-00532.

29. Further, more than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. *See* §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

30. All conditions precedent to bringing this action have been performed or have occurred.

**GENERAL ALLEGATIONS**

31.     On or around March 22, 2019, Plaintiff applied for employment with Defendant as a Community Outreach & Communications Specialist at the Orange County Clerk's Office by submitting an online application through Defendant's website.

32.     From on or around March 27 until around March 31, 2019, Plaintiff participated in preliminary telephone screenings for the Community Outreach & Communications Specialist position with Defendant.

33.     On April 1, 2019, Priscilla Snow, Talent Acquisition Specialist for Defendant Orange County Clerk of Courts (hereinafter referred to as "Ms. Snow"), contacted Plaintiff via e-mail confirming that her telephone interview for the Community Outreach & Communications Specialist position was scheduled to take place on Wednesday, April 3rd at 9:00 AM with Dain Weister, Director of Communications and Public Affairs at Orange County Clerk of Courts (hereinafter referred to as "Mr. Weister").

34.     On April 3, 2019, Mr. Weister conducted a telephone interview with Plaintiff for the Community Outreach & Communications Specialist position.

35.     The following day, on April 4, 2019, Ms. Snow contacted Plaintiff via e-mail confirming that she was selected for an in-person panel interview scheduled to take place on Tuesday, April 9th at 2:30 PM at Defendant's Clerk of Court Administrative Office. In the confirmation e-mail, Ms. Snow advised Plaintiff that she would be completing a written assessment, participating in a panel interview that would last approximately sixty (60) minutes, and would then have to give a ten (10) minute presentation on a topic aligning with the Clerk's Office or on some kind of community outreach program or initiative.

36.     On April 9, 2019, Plaintiff completed the written assessment and was interviewed in-person by a panel comprised of Ms. Snow, Panel Lead and Talent Acquisition Specialist, Talent Management, Tiffany Moore Russell, Clerk of the Courts, Cathi Balboa, Chief Administrative Officer, and Mr. Weister, Director of Communications and Public Affairs at the Clerk's Office.

37.     On April 10, 2019, Ms. Snow sent Plaintiff an e-mail in which she requested that Plaintiff call her. Ms. Snow and Plaintiff exchanged e-mails throughout the day coordinating a time to speak.

38.     On April 11, 2019, on behalf of Defendant, and in furtherance of its applicant selection process, Ben Dattner of Dattner Consulting, LLC, contacted Plaintiff via e-mail and provided her with a confidential link to complete three (3) online assessments for Orange County Clerk of Courts. Plaintiff completed the online assessments later that evening.

39.     On April 16, 2019, Ms. Snow sent Plaintiff an e-mail in which she requested that Plaintiff call her when she was available. Plaintiff called Ms. Snow who extended a verbal Offer of Employment with Defendant as Community Outreach & Communications Specialist, which was followed by an Offer Letter from Orange County Clerk of Courts.

40.     In the Offer Letter dated April 16, 2019, Orange County Clerk of Courts made Plaintiff an Offer of Employment as Community Outreach & Communications Specialist. The Offer Letter indicated that the job offer was "contingent" "pending the successful completion of the following pre-employment screenings: criminal background check (state/local/federal/DMV) and employment/education verification" and that Plaintiff's "pending hire date" was May 6, 2019.

41.     Notably, Plaintiff's Offer of Employment was not contingent upon the results of a physical
        or medical examination nor did Defendant otherwise require a pre-employment physical
        or medical examination as part of its application or hiring process for the Community
        Outreach & Communications Specialist position.

42.     On April 18, 2019, Plaintiff accepted Defendant's Offer of Employment and shortly
        thereafter Ms. Snow sent Plaintiff an e-mail with the subject line "Offer Confirmation from
        Orange County Clerk of Courts" in which she confirmed Defendant's receipt of Plaintiff's
        offer acceptance, congratulated Plaintiff on her new career opportunity with Orange
        County Clerk of Courts, and requested that Plaintiff complete and return the attached
        Background Authorization forms and FRS Certification Form. Shortly thereafter, Ms.
        Snow sent Plaintiff an additional e-mail requesting that she also complete and return an
        Outside Employment/Conflict of Interest Form.

43.     On April 19, 2019, Plaintiff completed, executed, and returned all of the aforementioned
        Forms needed for Defendant's pre-employment screenings via e-mail to Ms. Snow as
        requested. On April 22, 2019, Ms. Snow acknowledged receipt of same by replying to
        Plaintiff's e-mail and thanking her.

44.     On May 2, 2019, Defendant hired Plaintiff as a Community Outreach & Communications
        Specialist. Defendant's Talent Acquisition Specialist, Ms. Snow, sent Plaintiff an e-mail
        with subject line "Welcome to the Team!" in which she exclaimed, on behalf of Defendant,
        "We are pleased you will be working with us!" and requested that Plaintiff print, complete,
        and send the new hire documents to her by May 15, 2019. In this e-mail, Ms. Snow also
        informed Plaintiff that her start date was May 20, 2019.

45.    Defendant's Director of Communications & Public Affairs, Mr. Weister, the manager to whom Plaintiff would be reporting as Community Outreach & Communications Specialist, also called Plaintiff to congratulate her and welcome her to the team.

46.    On May 6, 2019, Plaintiff sent Ms. Snow an e-mail with a portion of the completed new hire documents attached thereto.

47.    On May 14, 2019, Plaintiff sent Ms. Snow another e-mail to which she attached all of the completed new hire documents, with the exception of the Employee Handbook, an updated New Hire Information Form, and a picture of her current Disabled Person Parking Permit. Within minutes, Ms. Snow replied to Plaintiff's e-mail and advised her that she would follow up with Plaintiff later in the week.

48.    In her new hire documents submission, Plaintiff made requests to Defendant for reasonable accommodations. More specifically, in response to the section entitled "ADA: Do you require any accommodations?" on her New Hire Information, Plaintiff checked the "Yes" box and requested an "oversized computer screen" (noting that she had one and was happy to bring it with her as permitted) and also listed "Disabled Parking" (noting her current permit number).

49.    On May 15, 2019, Amerinell Ramirez ("Ms. Ramirez"), Benefits & HRIS Specialist for the Orange County Clerk of Courts, sent Plaintiff an e-mail in which she advised Plaintiff that her email address had been reset in the Deltek system and that she could now review the Employee Handbook. Ms. Ramirez also requested that Plaintiff a Direct Deposit Authorization Form.

50.    In a subsequent e-mail sent to Plaintiff the same day, Ms. Ramirez informed Plaintiff that the Outside Employment/Conflict of Interest Form needed more explanation as to question

2 because the answer was "yes" and requested that Plaintiff resend the Form to her via e-mail. Plaintiff sent a reply e-mail to Ms. Ramirez informing her that Plaintiff's answer should have been "no" to which Ms. Ramirez responded via e-mail requesting that Plaintiff submit a new form to her. Ultimately, Ms. Ramirez advised Plaintiff that she could bring an updated Outside Employment/Conflict of Interest Form, as well as a Direct Deposit Authorization Form, to her on May 20, 2019, Plaintiff's start date.

51.    On May 17, 2019, two days after submitting her new hire documents containing requests for reasonable accommodations, Ms. Snow called Plaintiff and asked Plaintiff about her request for accommodations. During this call, with respect to the request for an oversized computer screen (larger computer monitor), Ms. Snow abruptly asked,  "What's that about?" Plaintiff explained the reason for this particular request and disclosed her related medical conditions and history concerning eye strain, eye fluttering, and migraines. Plaintiff informed Ms. Snow that should Defendant have any issues with regard to her request that she was happy to furnish her own larger computer monitor as she had an extra one at home.

52.    On May 17, 2019, Ms. Snow called Plaintiff again. During this second telephone call, Ms. Snow informed Plaintiff that Defendant was now requiring Plaintiff to have a "pre-employment" physical examination. Ms. Snow stated that her manager, Defendant's Director of Talent Management & Organizational Development, Ms. Tiffany Surat, had told Ms. Snow Plaintiff was being required "to have one done just to ensure everybody was safe." Ms. Snow then advised Plaintiff that she would be sending a medical order and the visit would be free-of-charge to her. Ms. Snow further advised Plaintiff that her start date

of May 20, 2019, which was only three (3) days away, was being pushed back to June 3, 2019 pending the results of the physical examination.

53.     On May 20, 2019, Ms. Snow called Plaintiff to inform her that Plaintiff's physical examination had been scheduled with Defendant's designated Medical Examiner, CareSpot Occupational Health Service ("CareSpot"), for the following day, May 21, 2019.

54.     On Tuesday, May 21, 2019, Plaintiff went to CareSpot for her post-hire physical examination as directed by Defendant. Plaintiff's post-hire physical examination included the completion of three (3) pages of medical forms: (1) a Form containing an Employee Information and Consent section to be completed by Plaintiff and Medical Report section to be completed by the CareSpot physician; (2) a basic, self-reporting Medical History/Work History Form to be completed by Plaintiff; and (3) a Physical Examination Form to be completed by the CareSpot physician.

55.     Plaintiff completed the Employee Information and Consent section on the first page of the medical forms and the Medical History/Work History Form. On the self-reporting Medical History/Work History Form, in response to the Medical History question "Do you now or have you ever (had)?", Plaintiff checked "yes" as to the following medical conditions, impairments, or illnesses: Wear glasses or contacts; Frequent or severe headaches; Dizziness, vertigo or balance problems; Recurrent knee trouble; Swelling of ankles or varicose veins; and Depression or mental illness, on medication or in treatment. Plaintiff also listed Celebrex as a medication that she was currently taking.

56.     During Plaintiff's post-hire physical examination, the CareSpot physician, Dr. Christy Dailey, conducted a physical examination of Plaintiff and filled out and completed the

Medical Report section on the first page of the medical forms and the Physical Examination

Form on the third page of the medical forms.

57.     On the Physical Examination Form, Dr. Daily filled in Plaintiff's physical characteristics,

vitals, and the results of her vision testing and checked the box for "Normal" with respect

to all seventeen (17) body parts and systems of Plaintiff listed on the Form.

58.     After the physical exam and her medical evaluation of Plaintiff, the CareSpot physician

determined that Plaintiff was "[m]edically acceptable for position as described" and

indicated same by checking the corresponding box on the Medical Report section of the

first page of medical forms, which was the only page to be transmitted to Defendant Orange

County of Clerk of Courts.

59.     Plaintiff called Defendant's Talent Acquisition Specialist Ms. Snow at Orange County

Clerk of Courts and informed Ms. Snow that she had passed the physical examination to

which Ms. Snow replied that Defendant's Office had not yet received the information from

its risk team.

60.     On Thursday, May 23, 2019, Defendant's Talent Acquisition Specialist Ms. Snow called

Plaintiff and informed her that Defendant Orange County Clerk of Courts was rescinding

its Offer of Employment to her "based on the information [it] received from CareSpot"

without offering any further explanation or reason.

61.     However, as alleged above, Defendant's Offer of Employment, which Plaintiff had already

accepted, was not contingent or otherwise conditioned on Plaintiff taking or passing a

physical examination. Plaintiff accepted the Offer of Employment and had already passed

all background checks and other pre-employment screenings upon which the Offer of

Employment was actually contingent. Indeed, Defendant had already hired Plaintiff as a Community Outreach & Communications Specialist and welcomed her to the team.

62.   Within minutes of this call ending, Plaintiff called CareSpot to inquire as to what information had been shared with Defendant Orange County of Clerk of Courts with respect to her physical examination. CareSpot initially responded that its office had only sent Defendant the first page of the medical forms, which contained the Employee Information and Consent section completed by Plaintiff and the Medical Report section to completed by the CareSpot physician.

63.   However, after being informed of what Defendant's Office had just told Plaintiff and questioned again, CareSpot told Plaintiff that it had sent not only the first page of the medical forms, but also the following two pages of medical forms, which contained Plaintiff's confidential medical history and other confidential medical information. CareSpot inexplicably sent Defendant all three (3) pages of the medical forms, despite the clear language at the bottom of the two (2) pages of medical forms containing confidential medical information: **"CONFIDENTIAL MEDICAL INFORMATION – DO NOT TRANSMIT"** (emphasis in original).

64.   None of the medical conditions, impairments, or illnesses reflected on Plaintiff's Medical History Form affected or would have affected Plaintiff's qualifications for the Community Outreach & Communications Specialist position or her ability to perform the essential functions of the position as they are no longer concerns or the medical issues are otherwise controlled through treatment and/or medication, which was confirmed by the CareSpot physician's certification that Plaintiff was "[m]edically acceptable for the position as described."

65.     Yet, on Thursday, May 23, 2019, Defendant terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff.

66.     At all times material herein, Plaintiff was a qualified individual who, with or without reasonable accommodations (including the requested reasonable accommodations of an oversized computer screen and assistance with parking placement with respect to Plaintiff's Disabled Person Parking Permit), could have performed all the essential functions of the Community Outreach & Communications Specialist position with Defendant.

67.     Plaintiff is more than qualified to work as a Community Outreach & Communications Specialist for Defendant as she possesses the requisite education, professional experience, skills and other qualifications. Plaintiff holds a Master of Science Degree in Administration/Human Resources and a Bachelor of Science Degree in Journalism/Public Relations and has several years of relevant professional experience.

68.     It is clear that Defendant also believed Plaintiff to be qualified for the Community Outreach & Communications Specialist position. Plaintiff made it through Defendant's application, selection, and hiring process, which included, among other things, participating in initial phone screenings and a telephone interview, passing a written assessment, participating in an in-person panel interview and giving a ten-minute oral presentation to the panel on a topic aligning with the Clerk's Office, and passing additional computer-based skills assessments. Defendant ultimately selected Plaintiff over the other job applicants and candidates for the Community Outreach & Communications Specialist position and hired her for the position after she passed background checks and all other pre-employment screenings.

69.   Defendant's conduct and actions as described in this Complaint constitute discrimination on the basis of disability in violation of Title I of the ADA, as amended, and its implementing Regulations, the Rehabilitation Act, as amended, and the FCRA.

70.   Defendant's discriminatory conduct and actions include, but are not limited to, the following: (1) limiting, segregating, or classifying Plaintiff in a way that adversely affected her opportunities or status because of one or more of her disabilities; (2) utilizing standards, criteria, or methods of administration that had the effect of discrimination on the basis of disability or that perpetuate the discrimination of others who are subject to common administrative control; (3) not making reasonable accommodations to the known physical and/or mental limitations of Plaintiff, an otherwise qualified individual with disabilities who was an applicant and/or employee of Defendant, despite the fact that doing so would not impose an undue hardship on the operation of Defendant's business; (4) denying employment opportunities to Plaintiff based on Defendant's need to make reasonable accommodations for Plaintiff's physical and/or mental impairments; (5) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not job-related for the position nor consistent with business necessity; (6) requiring Plaintiff to submit to a post-hire medical examination for the Community Outreach & Communications Specialist position only after she submitted a request for reasonable accommodations when all other entering employees were not subjected to such an examination regardless of disability, failing to collect and maintain the information obtained regarding Plaintiff's medical conditions and medical history as prescribed by the ADA, by failing to treat such information as a confidential medical record, and by failing to use the results of Plaintiff's

physical examination in accordance with the applicable ADA provisions. 42 U.S.C. § 12112(b)(1); 42 U.S.C. § 12112(b)(3); 42 U.S.C. § 12112(b)(5)(A); 42 U.S.C. § 12112(b)(6); 42 U.S.C. §§ 12112(d)(3)-(4).

71.    In addition, Defendant discriminated against Plaintiff on the basis of disability, by, among other things, terminating Plaintiff's employment, refusing to employ Plaintiff, and/or rescinding its Offer of Employment to Plaintiff as a Community Outreach & Communications Specialist at Orange County Clerk of Courts because of her disabilities, record of disabilities, and/or because it regarded her as having one or more disabilities, despite the fact that she was a qualified individual who was and is able to perform the essential functions of the position, in violation of 42 U.S.C. § 12112 and 29 C.F.R. §§ 1630.2, 1630.4, and 1630.14.

72.    There was no legitimate, non-discriminatory basis for Defendant terminating Plaintiff's employment, refusing to employ Plaintiff, and/or rescinding its Offer of Employment to Plaintiff.

73.    Defendant decided to terminate Plaintiff's employment, refuse to employ Plaintiff, and/or rescind its and Offer of Employment to Plaintiff because it did not want to employ an employee who had disabilities, a record of disabilities and/or whom it otherwise regarded as having disabilities.

74.    Further, Defendant's conduct and actions with respect to its failure to provide reasonable accommodations to Plaintiff and its retaliation against Plaintiff for making such a request for reasonable accommodations as alleged herein also constitute violations of the ADA and its implementing Regulations, the Rehabilitation Act, and the FCRA.

## COUNT I
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

## DISABILITY DISCRIMINATION

75.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76.    Title I of the ADA prohibits covered entities from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).

77.    At all times material herein, Defendant was and is a "person" within the meaning of the ADA, 42 U.S.C. § 12111(7), in that the definition of "person" under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

78.    At all times material herein, Defendant was and is an "employer" within the meaning of 42 U.S.C. § 12111(5) because Defendant was and is a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 12111(5). Thus, at all times material hereto, Defendant was and is also a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

79.    At all times material herein, Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4) and/or an applicant for employment with Defendant.

80.    Defendant discriminated against Plaintiff by terminating Plaintiff's employment, refusing to employ Plaintiff, and/or rescinding its Offer of Employment to Plaintiff because she had a "disability" within the meaning of the ADA.

81.    At all times material herein, Plaintiff was and is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, as she had and has physical and mental impairments that substantially limit one or more major life activities; had a record of such impairments; and/or was regarded by Defendant as having such impairments. 42 USC § 12102(1)(A)–(C).

82.    As more particularly described in the "PARTIES" and "GENERAL ALLEGATIONS" sections of this Complaint, at all times material herein, Plaintiff had disabilities within the meaning of the ADA and its implementing Regulations as she had physical and mental impairments that substantially limited one or more major life activities.

83.    Plaintiff also had disabilities within the meaning of the ADA and its implementing Regulations in that she had a record of disabilities. Plaintiff had a record of disabilities because she had a history of, or had been misclassified as having, physical and mental impairments that substantially limit one or more major life activities.

84.    Finally, Plaintiff had disabilities within the meaning of the ADA and its implementing Regulations in that Defendant regarded her as having one or more disabilities.

85.    At all times material herein, Plaintiff was and is a "qualified individual" with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), in that Plaintiff was and is an individual who, with or without reasonable accommodation, could have performed the essential functions of the Community Outreach & Communications

Specialist position with Defendant that she held and/or desired at the Office of the Orange County Clerk of Courts.

86.     Prior to and at the time that Defendant terminated Plaintiff's employment, refused to employ, and/or rescinded its Offer of Employment to Plaintiff, Plaintiff was qualified for employment with Defendant as a Community Outreach & Communications Specialist as she had the requisite education, professional experience, skills, and other job-related requirements for the Community Outreach & Communications Specialist position, and could have performed the essential functions of the Community Outreach & Communications Specialist position with Orange County Clerk of Courts, with or without reasonable accommodation.

87.     After receiving Plaintiff's request for reasonable accommodations and learning of Plaintiff's disabilities and/or record of disabilities, Defendant, through its agents, employees, and/or managers, ordered Plaintiff to submit to a physical examination and pushed back her start date of employment.

88.     Despite the fact that a physician at CareSpot, Defendant's designated Medical Examiner, found Plaintiff "[m]edically acceptable for position as described" after completing her physical examination, on May 23, 2019, Defendant called Plaintiff and informed her that Orange County Clerk of Courts was rescinding the Offer of Employment it had made to Plaintiff based on information received from CareSpot.

89.     Defendant terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff on the basis of Plaintiff's disabilities in violation of the ADA. 42 U.S.C. § 12112(a).

90.   Defendant would not have terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff if Plaintiff had not had disabilities but everything else had been the same.

91.   Defendant did not terminate Plaintiff's employment, refuse to employ Plaintiff, and/or rescind its Offer of Employment to Plaintiff for any other reason. Defendant did not have any legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment, refuse to employ Plaintiff, and/or rescind its Offer of Employment to Plaintiff.

92.   Plaintiff has suffered, continues to suffer, and will continue to suffer harm as a direct result of Defendant's discrimination.

93.   As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    (a)   Lost wages and benefits, past and future;
    (b)   Lost earning capacity;
    (c)   Noneconomic damages, including, but not limited to:
        (i)   pain and suffering,
        (ii)   mental anguish,
        (iii)   severe depression,
        (iv)   anxiety and panic attacks,
        (v)   post-traumatic stress disorder,
        (vi)   loss of dignity,
        (vii)   loss of the capacity for the enjoyment of life,
        (viii)   irreparable damages to her family and relationships, and
        (ix)   other non-pecuniary losses and intangible injuries;
    (d)   Medical and related expenses; and
    (e)   Other economic losses proximately caused and allowable under the ACA, according to proof.

94.   Plaintiff is further entitled to any and all relief, including, but not limited to, equitable relief, permitted under the ADA. *See* 42 U.S.C. § 12117(a)(stating that the remedies and

enforcement procedures available in Title VII of the Civil Rights Act of 1964 – including 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 – apply to actions for disability discrimination under the ADA).

WHEREFORE, Plaintiff, LATONYA R. STARK, demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated Title I of the ADA, as amended, and its implementing Regulations, by discriminating against Plaintiff on the basis of disability;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, reinstatement with Defendant to the Community Outreach & Communications Specialist position with retroactive seniority or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.     Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

G.   Grant such other and further relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

95.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

96.   Defendant discriminated against Plaintiff because of her disabilities by failing to provide reasonable accommodations for her disabilities within the meaning of the ADA.

97.   Under the ADA, if an employer knows that an employee has a disability and needs a reasonable accommodation to perform the essential functions of her job, the employer must provide a reasonable accommodation.

98.   As alleged herein above, at all times material herein, Defendant was a "person" within the meaning of the ADA in that the definition of "person" under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a), "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives. . ." 42 U.S.C. § 2000e(a). At all times material herein, Defendant was an "employer" within the meaning of the ADA. Thus, at all times material hereto, Defendant was a "covered entity" within the meaning of the ADA.

99.   At all times material herein, Plaintiff was an employee of Defendant within the meaning of the ADA and/or an applicant for employment with Defendant.

100.   As alleged above, at all times material herein, Plaintiff was an individual with disabilities within the meaning of the ADA in that, *inter alia*, she had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

101.   At all times material herein, Plaintiff suffered from a qualifying disability.

102.   At all times material herein, Plaintiff was a "qualified individual" with a disability within the meaning of the ADA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of the Community Outreach & Communications Specialist position with Defendant that she held and/or desired at the Office of the Orange County Clerk of Courts.

103.   Prior to and at the time that Defendant terminated Plaintiff's employment, refused to employ, and/or rescinded its Offer of Employment to Plaintiff, Plaintiff was qualified for employment with Defendant as a Community Outreach & Communications Specialist as she had the requisite education, professional experience, skills, and other job-related requirements for the Community Outreach & Communications Specialist position, and could have performed the essential functions of the Community Outreach & Communications Specialist position with Orange County Clerk of Courts, with or without reasonable accommodation.

104.   Defendant knew of and had notice of Plaintiff's disabilities.

105.   Plaintiff submitted a request to Defendant for accommodations for an oversized computer screen (larger computer monitor), which would have been an effective means of addressing the limitations imposed by her eye strain and migraines.

106.   As alleged above, after submitting her request for accommodations, Defendant's Talent Acquisition Specialist, Ms. Snow, called Plaintiff to question her about Plaintiff's request for accommodations submitted with her new hire documents. During this call, Plaintiff informed Defendant of both the substantial limitations of her disability created and the need for an accommodation.

107.   This reasonable accommodation would have allowed Plaintiff to perform the essential functions of her position as a Community Outreach & Communications Specialist without subjecting Plaintiff to eye strain, eye fluttering issues, and migraines.

108.   Defendant refused and failed to provide Plaintiff with a reasonable accommodation.

109.   Defendant cannot claim that this reasonable accommodation would have imposed an undue hardship on Defendant as Plaintiff offered to bring in and provide her own large computer monitor.

110.   Defendant should have accommodated Plaintiff by acquiring a larger computer monitor or by simply allowing Plaintiff to bring in and use her own larger computer monitor.

111.   Defendant should have accommodated Plaintiff by making existing facilities readily accessible to, and usable for, Plaintiff with respect to assigning her a parking space.

112.   After Plaintiff informed Defendant of her disabilities and requested accommodations, Defendant should have made good faith efforts to consult with Plaintiff in order to identify and make reasonable accommodations.

113.   However, Defendant failed to act in good faith or engage in any meaningful interactive process to identify and make reasonable accommodations for Plaintiff.

114.   Defendant cannot claim that the accommodations that Plaintiff requested would have imposed an undue hardship on the operation of its business as the accommodations would not have caused significant difficulty or expense on the part of Defendant.

115.   Defendant's refusal and failure to provide Plaintiff with reasonable accommodations led to and ultimately resulted in the termination of Plaintiff's employment, the refusal to employ Plaintiff, and/or the rescission of Defendant's Offer of Employment to Plaintiff.

116. Plaintiff has suffered, continues to suffer, and will continue to suffer harm as a direct result of Defendant's failure to provide Plaintiff with reasonable accommodations in violation of the ADA.

117. As a direct, proximate and foreseeable result of Defendant's failure to provide Plaintiff with reasonable accommodations, Plaintiff has suffered, continues to suffer, and will suffer the following:

     (a)    Lost wages and benefits, past and future;
     (b)    Lost earning capacity;
     (c)    Noneconomic damages, including, but not limited to:
          (i)    pain and suffering,
          (ii)    mental anguish,
          (iii)    severe depression,
          (iv)    anxiety and panic attacks,
          (v)    post-traumatic stress disorder,
          (vi)    loss of dignity,
          (vii)    loss of the capacity for the enjoyment of life,
          (viii)    irreparable damages to her family and relationships, and
          (ix)    other non-pecuniary losses and intangible injuries;
     (d)    Medical and related expenses; and
     (e)    Other economic losses proximately caused and allowable under the ACA, according to proof.

118. Plaintiff is further entitled to any and all relief, including, but not limited to, equitable relief, permitted under the ADA.

WHEREFORE, Plaintiff, LATONYA R. STARK, demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title I of the ADA, as amended, and its implementing Regulations, by discriminating against Plaintiff and failing to provide her with reasonable accommodations;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that

she has suffered as a result of the discrimination against her, including, but not limited to, reinstatement with Defendant to the Community Outreach & Communications Specialist position with the reasonable accommodation of a larger computer monitor and retroactive seniority or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.      Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT RETALIATION

119.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

120.    The ADA prohibits retaliation against an individual for opposing an unlawful act or practice or for making a charge under the ADA. 42 U.S.C. § 12203(a).

121.    Defendant retaliated against Plaintiff because she took steps to enforce her lawful rights under the ADA. Plaintiff engaged in a statutorily protected expression or activity when she requested reasonable accommodations under the ADA from Defendant as alleged herein.

122.    As alleged herein, Plaintiff suffered adverse employment actions as a direct result of her request for reasonable accommodations and engagement in this protected expression or activity.

123.    Specifically, as a direct and proximate result of Plaintiff's request for reasonable accommodations and engagement in this protected expression or activity under the ADA, Defendant, its agents, and employees required Plaintiff to submit to a physical examination, delayed Plaintiff's start date of employment, and ultimately terminated her employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff.

124.    As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered, continues to suffer, and will suffer past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, LATONYA R. STARK, demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA, as amended, and its implementing Regulations, by discriminating and retaliating against Plaintiff;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination and retaliation against her, including, but not

limited to, reinstatement with Defendant to the Community Outreach & Communications Specialist position with the reasonable accommodation of a larger computer monitor and retroactive seniority or front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory and retaliatory conduct and actions pursuant to the ADA;

D.     Award Plaintiff any and all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, litigation expenses, and costs of this action; and

G.     Grant such other and further relief as this Court deems just and proper.

## COUNT IV
## VIOLATION OF THE REHABILITATION ACT
## DISABILITY DISCRIMINATION

125.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

126.   Plaintiff sues Defendant pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et. seq*.

127.   Section 504 of the Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability under any program or activity receiving federal financial assistance. 29 U.S.C. § 794.

128.    Defendant is an entity that receives federal financial assistance and is a covered entity for purposes of Section 504 of the Rehabilitation Act.

129.    As such, Defendant is prohibited from discriminating against an otherwise qualified individual with a disability.

130.    Plaintiff is "handicapped" or is an individual with a disability within the meaning of Rehabilitation Act of 1973, which is defined under the same test as "disability" under the ADA.

131.    At all times material herein, Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act as she is a person who had physical and mental impairments which substantially limited one or more major life activities; had a record of such impairments; and/or was regarded as having such impairments as more particularly described in the GENERAL ALLEGATIONS section of this Complaint. 29 U.S.C. § 705(20)(B).

132.    At all times material herein, Plaintiff was otherwise qualified for the Community Outreach & Communications Specialist position with Defendant.

133.    At all times material herein, Plaintiff was qualified to perform the essential functions required of a Community Outreach & Communications Specialist with or without a reasonable accommodation.

134.    Prior to and at the time that Defendant terminated Plaintiff's employment, refused to employ, and/or rescinded its Offer of Employment to Plaintiff, Plaintiff was qualified for employment with Defendant as a Community Outreach & Communications Specialist as she had the requisite education, professional experience, skills, and other job-related requirements for the Community Outreach & Communications Specialist position, and

could have performed the essential functions of the Community Outreach & Communications Specialist position with Orange County Clerk of Courts, with or without reasonable accommodation.

135. Plaintiff was subjected to unlawful discrimination as a result of her disabilities in violation of the Rehabilitation Act.

136. Defendant violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by, among other things, wrongfully terminating Plaintiff's employment, refusing to employ Plaintiff, and/or rescinding its Offer of Employment to Plaintiff because of her actual disabilities, record of disabilities, and/or because it regarded Plaintiff as having such disabilities.

137. After receiving Plaintiff's request for reasonable accommodations and learning of Plaintiff's disabilities and/or record of disabilities, Defendant, through its agents, employees, and/or managers, ordered Plaintiff to submit to a physical examination and pushed back her start date of employment.

138. Despite the fact that a physician at CareSpot, Defendant's designated Medical Examiner, found Plaintiff "[m]edically acceptable for position as described" after completing her physical examination, on May 23, 2019, Defendant called Plaintiff and informed her that Orange County Clerk of Courts was rescinding the Offer of Employment it had made to Plaintiff based on information received from CareSpot.

139. Plaintiff's disabilities were the sole motivating factor for Defendant's decision to terminate Plaintiff's employment, refuse to employ Plaintiff, and/or rescind its Offer of Employment to Plaintiff.

140. As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, past and future

pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

141. Plaintiff is entitled to her attorneys' fees and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

142. Plaintiff is further entitled to any and all relief permitted under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.*, including equitable relief.

WHEREFORE, Plaintiff, LATONYA R. STARK, respectfully demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, for any and all available relief under the Rehabilitation Act of 1973, as amended, including, but not limited to, back pay, reinstatement or front pay, compensatory damages, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

## COUNT V
## VIOLATION OF THE REHABILITATION ACT
## RETALIATION

143. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

144. Plaintiff sues Defendant pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et. seq.*

145. Section 504 of the Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability under any program or activity receiving federal financial assistance. 29 U.S.C. § 794.

146. Defendant is an entity that receives federal financial assistance and is a covered entity for purposes of Section 504 of the Rehabilitation Act.

147.   Plaintiff engaged in protected activity under the Rehabilitation Act of 1973 when she requested reasonable accommodations of an oversized computer screen (larger computer monitor) and assistance with parking placement with respect to her Disabled Person Parking Permit from Defendant.

148.   As alleged herein, Plaintiff suffered adverse employment actions as a direct result of her request for reasonable accommodations and engagement in this protected activity.

149.   As a direct and proximate result of Plaintiff's request for reasonable accommodations and engagement in this protected activity, Defendant, its agents, and employees required Plaintiff to submit to a physical examination, delayed Plaintiff's start date of employment, and ultimately terminated her employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff.

150.   As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, LATONYA R. STARK, respectfully demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, for any and all available relief under the Rehabilitation Act of 1973, as amended, including, but not limited to, back pay, reinstatement or front pay, compensatory damages, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

**COUNT VI**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11**
**DISABILITY DISCRIMINATION**

151.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

152.  The FCRA provides that it is an unlawful employment practice for an employer to discriminate against an individual on the basis of, *inter alia*, an individual's "handicap." Fla. Stat. § 760.10(1)(a).

153.  Plaintiff is a member of a protected class under the FCRA by way of her handicaps (disabilities).

154.  Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that, the definition "includes an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." Fla. Stat. § 760.02(6).

155.  Defendant is an "employer" within the meaning of the FCRA, § 760.02(7), Florida Statutes, because Defendant is a "person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person." Fla. Stat. § 760.02(7).

156.  At all material times herein, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

157.  As such, Defendant is an "employer" within the meaning of § 760.02(7), Florida Statutes, and thus is liable under the FCRA for the disability discrimination suffered by Plaintiff as alleged herein.

158.   As applied to discrimination based on a handicap (disability), the FCRA is construed in conformity with the ADA, 42 U.S.C. §§ 12101 *et. seq*.

159.   At all times material herein, Plaintiff was an individual with a handicap (disability) within the meaning of the FCRA as she had physical and mental impairments that substantially limited one or more major life activities; had a record of such impairments; and/or was regarded by Defendant as having such impairments.

160.   At all times material herein, Plaintiff had handicaps (disabilities) within the meaning of the FCRA as she had physical and mental impairments that substantially limited one or more major life activities as more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint.

161.   Plaintiff also had disabilities within the meaning of the FCRA in that she had a record of disabilities. Plaintiff had a record of disabilities because she had a history of, or had been misclassified as having, physical and mental impairments that substantially limit one or more major life activities.

162.   Finally, Plaintiff had disabilities within the meaning of the FCRA in that Defendant regarded her as having disabilities.

163.   At all times material herein, Plaintiff was a "qualified individual" with a disability in that she was an individual who, with or without reasonable accommodation, could have performed the essential functions of the Community Outreach & Communications Specialist position with Defendant that she held and/or desired at the Office of the Orange County Clerk of Courts.

164.   Prior to and at the time that Defendant terminated Plaintiff's employment, refused to employ, and/or rescinded its Offer of Employment to Plaintiff, Plaintiff was qualified for

employment with Defendant as a Community Outreach & Communications Specialist as she had the requisite education, professional experience, skills, and other job-related requirements for the Community Outreach & Communications Specialist position, and could have performed the essential functions of the Community Outreach & Communications Specialist position with Orange County Clerk of Courts, with or without reasonable accommodation.

165. Defendant knew of Plaintiff's handicaps (disabilities).

166. By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her handicaps (disabilities), record of such handicaps (disabilities), and/or perceived handicaps (disabilities) in violation of the FCRA.

167. Defendant, by and through the conduct of its agents, employees, and/or managers, took tangible adverse employment actions against Plaintiff.

168. Plaintiff suffered an adverse employment action when Defendant, among other things, terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff.

169. The discrimination to which Plaintiff was subjected by Defendant was based on her handicaps (disabilities).

170. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment, refusing to employ Plaintiff, and/or rescinding its Offer of Employment to Plaintiff.

171.  The discriminatory conduct of Defendant, and its agents, employees, and managers, against Plaintiff on the basis of handicap (disability), has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

172.  As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following:

    (a)  Lost wages and benefits, past and future;
    (b)  Lost earning capacity;
    (c)  Noneconomic damages, including, but not limited to:
        (i)  pain and suffering,
        (ii)  mental anguish,
        (iii)  severe depression,
        (iv)  anxiety and panic attacks,
        (v)  post-traumatic stress disorder,
        (vi)  loss of dignity,
        (vii)  loss of the capacity for the enjoyment of life,
        (viii)  irreparable damages to her family and relationships, and
        (ix)  other non-pecuniary losses and intangible injuries;
    (d)  Medical and related expenses; and
    (e)  Other economic losses proximately caused and allowable under the FCRA, according to proof.

173.  Plaintiff is entitled to recover reasonably attorneys' fees and litigation expenses pursuant to the FCRA.

174.  Plaintiff has no plain, adequate, or complete remedy at law for the actions Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff, LATONYA R. STARK, demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff on the basis of her handicap (disability);

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement with Defendant to the Community Outreach & Communications Specialist position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

## COUNT VII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11
## FAILURE TO ACCOMMODATE

175.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

176.    At all times material herein, Plaintiff was an individual with "handicaps" (disabilities) within the meaning of the FCRA and ADA.

177.  As alleged above, at all times material herein, Plaintiff was an individual with handicaps (disabilities) within the meaning of the FCRA and ADA in that, *inter alia*, she had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

178.  At all times material herein, Plaintiff suffered from qualifying handicaps (disabilities).

179.  At all times material herein, Plaintiff was a qualified individual with handicaps (disabilities) within the meaning of the FCRA and ADA in that Plaintiff was an individual who, with or without reasonable accommodation, could have performed the essential functions of the Community Outreach & Communications Specialist position with Defendant that she held and/or desired at the Office of the Orange County Clerk of Courts.

180.  Prior to and at the time that Defendant terminated Plaintiff's employment, refused to employ, and/or rescinded its Offer of Employment to Plaintiff, Plaintiff was qualified for employment with Defendant as a Community Outreach & Communications Specialist as she had the requisite education, professional experience, skills, and other job-related requirements for the Community Outreach & Communications Specialist position, and could have performed the essential functions of the Community Outreach & Communications Specialist position with Orange County Clerk of Courts, with or without reasonable accommodations.

181.  Defendant knew of and had notice of Plaintiff's handicaps (disabilities).

182.  Plaintiff submitted a request to Defendant for accommodations for an oversized computer screen (larger computer monitor), which would have been an effective means of addressing any limitations imposed by her eye strain, eye fluttering issues, and migraines OR which would allow her to perform the job's essential functions without suffering INSERT.

183.   INSERT ALLEGATION RE: assistance with parking placement with respect to her Disabled Parking Permit.

184.   As alleged above, after submitting her request for accommodations, Defendant's Talent Acquisition Specialist, Ms. Snow, called Plaintiff to question her about the request for accommodations Plaintiff submitted with her new hire documents. During this call, Plaintiff informed Defendant of both the substantial limitations of her handicap (disability) created and the need for an accommodation.

185.   INSERT ALLEGATION RE: DISABLED PARKING PLACEMENT AND DISABILITY.

186.   Defendant refused and failed to accommodate Plaintiff's request for reasonable accommodations and instead questioned Plaintiff about her request, required her to have a physical examination, pushed back the start date of her employment, and then ultimately terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded its Offer of Employment to Plaintiff.

187.   As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, LATONYA R. STARK, demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff on the basis of her handicap (disability);

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of the discrimination against her, including, but not limited to, an offer of reinstatement to the Community Outreach & Communications Specialist position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court deems just and proper.

## COUNT VIII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTES §§ 760.01-11 RETALIATION

188.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

189.    Plaintiff engaged in statutorily protected expression or activity when she, in good faith, requested reasonable accommodations from Defendant.

190.   By the aforementioned conduct more particularly described in the "GENERAL ALLEGATIONS" section of this Complaint, Defendant engaged in unlawful employment practices and retaliated against Plaintiff because she requested reasonable accommodations and engaged in this statutorily protected expression or activity.

191.   After requesting an oversized computer screen (larger computer monitor) and assistance with parking placement with respect to Plaintiff's Disabled Parking Permit, as reasonable accommodations, Defendant and its agents, employees, and/or managers called Plaintiff and questioned her about the request, required her to submit to a physical examination, and ultimately terminated Plaintiff's employment, refused to employ Plaintiff, and/or rescinded the Offer of Employment to Defendant.

192.   It is clear that Plaintiff's request for reasonable accommodations of Defendant was the sole motivating factor behind her termination.

193.   The retaliatory conduct of Defendant, and its agents, employees, and/or managers, against Plaintiff resulting from her making requests for reasonable accommodations, has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

194.   As a direct, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment in life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

WHEREFORE, Plaintiff, LATONYA R. STARK, demands judgment against Defendant, ORANGE COUNTY CLERK OF COURTS, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the

FCRA by retaliating against Plaintiff;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered as a result of Defendant's retaliation against her, including, but not limited to, an offer of reinstatement with Defendant to the Community Outreach & Communications Specialist position with retroactive seniority or awarding her front pay in lieu of reinstatement, granting her full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory and retaliatory conduct, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff any and all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court deems just and proper.

### ADDITIONAL PARTIES AND/OR CLAIMS

195.    Plaintiff respectfully requests leave to amend her Complaint to add additional parties and/or claims upon completing additional discovery. It may be necessary to name agents or employees of the above-named Defendant, and to add additional claims.

### DEMAND FOR JURY TRIAL

196.  Plaintiff hereby demands trial by jury on all issues so triable as of right by jury in this

matter.

Respectfully submitted this 27th day of May, 2020.

By: /s/ Frank M. Malatesta, Esq.
      FRANK M. MALATESTA, ESQUIRE
      Florida Bar No.: 0097080
      MALATESTA LAW OFFICE
      871 Venetia Bay Boulevard, Suite 235
      Venice, Florida 34285
      Telephone No.: (941) 256-3812
      Facsimile No.:  (888) 501-3865
      Frank@malatestalawoffice.com
      Staff@malatestalawoffice.com
      *Counsel  for Plaintiff*